IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando DIVISION

In re:                                              Case No: 6:16-bk-05020-CCJ
                                                    Chapter 7
BROOKE MCKENDRICK

    Debtor(s).
_____/


MOTION TO SELL REAL PROPERTY
FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS
(13 Santiago, Deland)

**NOTICE OF HEARING**

    A PRELIMINARY HEARING in this case will be held on **January 16, 2018 at 2:45 p.m. in Courtroom 6D**, at US Bankruptcy Court, 400 W Washington St, Orlando FL 32801, before the Honorable Cynthia C Jackson, United States Bankruptcy Judge, to consider this matter and transact such other business that may come before the court:

1. The hearing may be continued upon announcement made in open Court without further notice.

2. Appropriate Attire. You are reminded that Local Rule 5072−1(b)(16) requires that all persons appearing in Court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.

3. Avoid delays at Courthouse security checkpoints. You are reminded that Local Rule 5073−1 **restricts the entry of cellular telephones** and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Due to heightened security procedures, persons must present photo identification to enter the Courthouse.


    COMES NOW Arvind Mahendru, Chapter 7 Trustee, by and through her undersigned counsel, and hereby moves for authority to sell certain improved real property free and clear of all liens, encumbrances and interests, and in support thereof states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

**BACKGROUND**

4. On July 28, 2016, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Arvind Mahendru was appointed Chapter 7 trustee (the "Trustee").

6. The Debtor owns real property, by virtue of a deed, located at 13 Santiago, Deland, Florida more particularly known as:

   Lot 21, Block U, Replat of Plantation Estates No. 1, recorded in Map Book 11, Pages 177-178, in the public records of Volusia County

   (the "Property").

7. The Property is encumbered by a first mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Quicken Loans, and recorded in O.R. Book 6788, Page 4154, in the Public Records of Volusia County, Florida; currently serviced by Ditech Financial LLC. (hereinafter "Ditech")

8. The Property is further encumbered by a junior mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Home Loan Center Inc dba Lending

Tree, and recorded in O.R. Book 6010, Page 1270, in the Public Records of Volusia County, Florida; currently serviced by Citimortgage Inc. (hereinafter "Citimortgage").

9. The Trustee has accepted an offer from Brandi Sue Bishop, (the "Buyers") to purchase this home in the amount of $87,500.00, as payment in full. The current offer was not the only offer on the property but is the highest offer, and not contingent on financing. Moreover, the estate believes it is a fair offer for the current economy and the length the property has remained on the market.

10. The Trustee has conducted a title search and is not aware of any other liens on the Property.

11. Any real property taxes will be paid prorated according to the "DRAFT" Settlement Statement, attached as Exhibit "A."

12. The Trustee has sought and obtained approval of the sale by Ditech. The Trustee has not obtained the express approval of the junior lienholder, Citimortgage.

13. The trustee believes and avers that the lien in favor of Ditech is in excess of $105,000.00, an amount greater than the value of the Property. The Property does not have enough value to protect Citimortgage. Accordingly, the Trustee proposes no sale proceeds to be allocated to Citimortgage, that the Property be sold free and clear of Citimortgage's lien, and that Citimortgage be provided an allowed timely filed unsecured claim in this case for the total amount owed to Citimortgage as of the date of filing of the petition. To that end, by service of the instant motion, invites Citimortgage to file an objection or other responsive paper if Citimortgage does not consent to the treatment in this motion.

14. The Trustee has attached a "DRAFT" HUD Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, as Exhibit "A."

15. The Buyers are a disinterested party, the Trustee finds them to be acting in good faith, and they should be afforded the protections under Section 363(m).

## AUTHORITY TO SELL

16. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business. Additionally, pursuant to § 363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price of the property is greater than the aggregate amount of all liens on the property, (iv) the interest is subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

17. Section 363(f) of the Bankruptcy Code is stated in the disjunctive. Thus, it is only necessary for the Trustee to satisfy one of the five conditions of § 363(f). Nonetheless, the sale proposed by the Trustee satisfies §§ 363(f)(2) and (5).

18. The Trustee avers that he shall satisfy section 363(f) (2) insofar as all lien holders, that being Ditech, has consented to the proposed sale of the property and absent an objection from Citimortgage he should then be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests under section 363(f) (2).

19. In the event Citimortgage objects to the proposed sale terms, the Trustee believes that the sale terms proposed herein would nonetheless satisfy § 363(f)(5). With the consent

of the first mortgage Ditech, and since the purchase price and value of the Property is less than what's owed to Citimortgage, Citimortgage is effectively an unsecured creditor and can be compelled to take a money judgment for its interest in the Property under applicable Florida law. To that end, attached is the property appraiser's report of the Property reflecting an appraised value of $74,000.00.

20. Section 363(f)(5) provides that so long as the junior lienholder could hypothetically be compelled to accept a payment of less than the full amount of the security interest, the court could approve such a sale. *See* In re: Levitt & Sons, LLC, 384 B.R. 630, 648 (S.D.FL 2008). "Furthermore, if the legal or equitable proceeding contemplated by §363(f)(5) would result in a junior lienholder receiving nothing, then a § 363(f)(5) sale that pays them nothing … appear[s] to be permissible." *See* Scherer v. Federal National Mortgage Association (In re: Terrace Chalet Apartments, Ltd.), 159 B.R. 821, 829 (N.D. Ill 1993). *See also* In re: Gulf States Steel, 285 B.R. 497, 508 (Bankr. N.D. Ala. 2002)(noting that "§ 363(f)(5) permits a sale free and clear of [of liens] if the Trustee can demonstrate the existence of another legal mechanism by which a lien could be extinguished without full satisfaction of the secured debt."

21. Accordingly, under either § 363(f)(2) or § 363(f)(5), the Trustee should be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests.

**BENEFIT TO THE ESTATE**

22. The Trustee has negotiated the payment of a five thousand dollar ($5,000.00) 11 U.S.C. § 506(c) surcharge to be paid from the sale proceeds to the estate in consideration for the necessary costs and expenses of preserving and disposing of the Property. The payment of this surcharge to the estate has been approved by Ditech, the Trustee and the Buyers.

**CONCLUSION**

23. The Trustee, in the exercise of his business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including Ditech and Citimortgage. The Buyer has agreed, subject to Court approval, to pay to the Trustee the sum of $87,500.00 in exchange for the Property free and clear of all liens, encumbrances, or interests.

WHEREFORE, the Trustee moves for the entry of an order:

A. Authorizing the sale of the Property to the purchaser free and clear of all liens, encumbrances, or interests of any party; and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property free and clear of all liens, encumbrances, or interests, including without limitation, executing a deed conveying the interests of the Debtor or any other party claiming an interest in the Property to the Buyers;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro rated as of the closing with respect to the real property included among the purchased assets; and (b) other estimated anticipated closing costs:

Total Sales/Brokers Commission:
    6% to Century 21                           $5,274.00*

*it is anticipated that a portion of this fee is to be shared with cooperating broker, Future Home Realty; BK Global

<u>Title Charges</u>:

| | | |
|---|---|---|
| Settlement Fee: | Title Company | $ 900.00 |
| Title Search: | Attorneys Title Fund Services, LLC | $ 60.00 |
| Title Insurance: | Old Republic Nat. Title | $ 488.75 |
| Muni. Lien Search: | | $ 200.00 |

<u>Government recording / transfer charges</u>              $ 615.30

<u>Satisfaction of Liens</u>:
Ditech                                                                               $ 77,151.52

The above anticipated closing costs and taxes are subject to per diem charges, changes in prorations, and otherwise represent approximate amounts. The Trustee seeks authority to pay these amounts, or their reasonable equivalent amounts, to the respective payees depending on the subjective per diem alteration or other altering factor.

D. Determining that all affected interests, including Citimortgage, have been adjudged and declared to be unconditionally released as to the Property;

E. Determining that Shanks be allowed 30 days from the entry of an order granting this motion to file a an unsecured claim for the total owed to Citimortgage by the Debtor as of the date of the filing of the petition, and that claim be deemed timely filed;

F. Determining that the Buyer has not assumed any liabilities of the Debtor;

G. Determining that the Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and that the Buyer is entitled to all protections of Section 363(m) of the Bankruptcy Code, and

H. Granting the Trustee such other and further relief as is just and proper.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served by U.S. Mail and/or electronic delivery to the:

**Lien Holder**: Vanessa D Torres on behalf of Creditor Ditech Financial LLC via ECF

**Debtors**: Brooke D. McKendrick, 13 SANTIAGO ROAD, DEBARY, FL 32713;

**Debtor's Attorney:** Michael P Kelton, Paul & Elkind, PA, 142 East New York Avenue, DeLand, FL 32724

Via Certified Mail
**Junior Lien**: Citimortgage, 1000 Technology Dr., O'Fallon, MO 63368; Attn: President, Officer, Manager, Managing Agent, where creditor routinely does business

**United States Trustee**, ustp.region21.ecf@usdoj.gov

and all parties of interest on the attached mailing matrix on this December 18, 2017.

    Respectfully submitted,

    **/s/ Arvind Mahendru**
    ARVIND MAHENDRU
    5703 Red Bug Lake Rd. #284
    Winter Springs Florida 32708
    Telephone: (407) 504-2462
    amtrustee@gmail.com